**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00004-KDB-WCM**

| | |
|---|---|
| **CONSTANTINO FORD,** | |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM AND ORDER** |
| **DAVID BARRAGAN AND**<br>**FIFTH THIRD BANK,**<br>**NATIONAL ASSOCIATION,** | |
| **Defendants.** | |

     **THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 20).[1] In sum and substance, Plaintiff alleges that in the course of his ongoing banking relationship with Defendant Fifth Third Bank, he was presented with but declined to sign standard documents for a small loan and that he has had a number of connection and technology issues with his online banking account and transactions. He has not suffered any alleged damages beyond his time and inconvenience. From these unremarkable facts of modern commerce, Plaintiff has fashioned a lawsuit with eight causes of action, including fraud, violations of federal and state statutes, conversion and intentional infliction of emotional distress. With all due respect to Mr. Ford's apparently sincerely-held belief that he has somehow been wronged by the bank, his claims are legally meritless. Therefore, the Court will grant Defendants' Motion to Dismiss.

---

[1] Also pending on the docket are Plaintiff's Motion for Preliminary Injunction and Motion to Expedite Hearing on Preliminary Injunction. Doc. Nos. 9, 12. Those motions will be dismissed as moot upon the granting of Defendants' Motion to Dismiss.

1

## I.    LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not

2

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, a *pro se* complaint, as here, must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). The Court may also consider documents attached to a defendant's motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).[2]

## II. DISCUSSION

As noted above, after a careful review of Plaintiff's Amended Complaint and other filings, the Court finds that his claims are legally meritless. Defendants have thoroughly and accurately

---

[2] Plaintiff asks the Court to consider various exhibits attached to his opposition to the Motion to Dismiss, which are not attached to or cited in the Amended Complaint. Such filings are not properly considered on a motion to dismiss; otherwise, a Plaintiff could effectively amend his pleadings through briefing. *See Lynn v. Selene Fin., LP*, No. 7:15-CV-159-FL, 2016 WL 5231832, at *8 (E.D.N.C. Aug. 25, 2016) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."). Therefore, even though the documents would not change the result even if they could be properly considered, they are outside the scope of the record for purposes of a motion under Rule 12(b)(6).

discussed the applicable elements of each claim and detailed the reasons why Plaintiff has failed to state a claim in the Amended Complaint. *See* Doc. Nos. 21, 28.[3] Therefore, the Court will only summarize the grounds for its ruling below:

- The fraud claim fails because, among other reasons, Mr. Ford has not alleged that he was actually deceived or relied upon any purported false representation or concealment of material fact, leading to damages;

- The claim under the Electronic Fund Transfer Act fails because there is no allegation that the purportedly declined or blocked transfers were never completed (and other relevant details about the transfers are missing);

- The RICO claim fails because the circumstances alleged here fall far short of any "pattern of racketeering activity" that "pose[s] a threat of continued criminal activity." *See Synergy Fin., L.L.C. v. Zarro*, 329 F. Supp. 2d 701, 713 (W.D.N.C. 2004) (quoting *GE Inv. Private Placement Partners v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001));

- There is no valid claim for "identity theft" under North Carolina law because again Mr. Ford does not allege any actual injury nor does he allege facts that might establish any use of his identifying information was done "with the intent to fraudulently represent that the person is the other person for the purposes of making financial or credit transactions in the other person's name," or to obtain some other item of value. *See* N.C. Gen. Stat. § 14-113.20;

---

[3] In contrast, Plaintiff's briefing includes citation to cases that don't exist, *State v. Boykin*, 210 N.C. App. 197 (2011) and *State v. Grimes*, 235 N.C. App. 45 (2014). This of course suggests the improper use of AI, notwithstanding Plaintiff's certification that he did not use AI and "personally verified every … citation to authority for accuracy."

- The claim of conversion fails because the account relationship between Mr. Ford and Fifth Third is based in contract so the economic loss rule bars a tort claim for conversion with respect to access to his account;

- There is no valid claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75.1, both because of the absence of injury and alleged conduct that plausibly rises to the level of "egregious or aggravating circumstances" necessary to state a claim;

- The claim under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, must be dismissed because the statute does not create liability with respect to a transaction that was not completed. *See Baxter v. Sparks Oldsmobile, Inc.*, 579 F.2d 863, 864 (4th Cir. 1978) ("[T]he Truth in Lending Act does not impose penalty until credit is in fact extended."); and

- Finally, Mr. Ford has failed to state a claim for intentional infliction of emotional distress, which requires facts plausibly establishing "extreme and outrageous conduct." To the extent he has pled relevant supporting facts, Plaintiff's allegations of wrongful commercial banking conduct do not satisfy this very high standard.

For all these reasons and others described by Defendants, the Motion to Dismiss will be granted.

### III.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 20) is **GRANTED**;

2. Plaintiff's Motion for Preliminary Injunction and Motion to Expedite Hearing on Preliminary Injunction (Doc. Nos. 9, 12) are **DENIED** as moot; and

5

3.  The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 1, 2026

Kenneth D. Bell
United States District Judge

6